Dear Mr. Durbin:
I am in receipt of your request for an Attorney General's opinion concerning the position you hold as alderman for the Town of Brusly and your recently accepted employment as Transportation Coordinator for the West Baton Rouge Parish School Board. You indicate that you have been serving as Alderman since January 1, 1997 and as of June 1, 1998, accepted the job as Transportation Coordinator for the West Baton Rouge Parish School Board. You seek an Attorney General's opinion as to whether there is any conflict with holding a position as Alderman in Brusly while being employed by the West Baton Rouge Parish School Board.
To address your concerns, a review of the Dual Office Holding and Dual Employment Laws of this State which is found in Title 42 is necessary. Certain positions are prohibited by law from being held simultaneously.
LSA-R.S. 42:63(D) states the following prohibitions:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office.
 In addition no sheriff, assessor, or clerk of court shall hold any office or employment under parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
Please note that the position as alderman of the Town of Brusly constitutes a local elective office, while your employment as Transportation Coordinator for the West Baton Rouge Parish School Board is employment as contemplated by LSA-R.S. 42:(3) which provides:
 "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
The prohibition of LSA-R.S. 42:63(D) which is of concern in this situation restricts an individual from holding elective office and any employment in the same political subdivision in which he holds an elective office. However, this prohibition is inapplicable because the position with the School Board as Transportation Coordinator and the position as Alderman for the Town of Brusly constitute separate political subdivisions. LSA-R.S. 42:62(9) states that a school board is a separate political subdivision. It provides the following:
 "Political subdivision" means a parish, municipality any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
Please refer to Attorney General opinions 98-151, 96-82 and 93-495 for other similar opinions.
Therefore, our office concludes that you may hold both positions simultaneously without violating the law.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc